# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER O'BRIEN, | )<br>) |
| Plaintiff, | ) Civil Action No. 2: 13-cv-0299<br>) |
| v. | ) District Judge Mark R. Hornak<br>) |
| BUTLER COUNTY PRISON;<br>PROPRIETORS OF BUTLER COUNTY<br>PRISON; BUTLER COUNTY; WARDEN<br>RICK SHAFFER (individual capacity), | ) Magistrate Judge Cynthia Reed Eddy<br>)<br>)<br>)<br>) |
| Defendants. | )<br>)<br>) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.   RECOMMENDATION**

It is respectfully submitted that the Motion to Dismiss filed by Defendants Butler County Prison; Proprietors of Butler County Prison; Butler County; and Warden Rick Shaffer (individual capacity) be granted and the Complaint be dismissed with prejudice.

**II.   REPORT**

   A.   Procedural History

On January 31, 2013, Plaintiff, Christopher O'Brien, a former inmate of the Butler County Prison, filed the instant civil rights complaint in the Court of Common Pleas of Butler County alleging that Defendants had violated his constitutional rights under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. Plaintiff also alleges that Defendants have violated the "Religious Freedom Act."

1

On March 1, 2013, Defendants timely removed the case to the United States District Court for the Western District of Pennsylvania.

Presently pending is Defendants' Motion to Dismiss, with brief in support, arguing that the complaint should be dismissed for failure to state a claim upon which relief may be granted (ECF Nos. 2 and 3). By Order of March 8, 2013, Plaintiff was given leave to either file an amended complaint in this action no later than April 8, 2013, and if he did not desire to file an amended complaint, Plaintiff was ordered to file a response in opposition to Defendants' Motion to Dismiss no later than April 8, 2013. To date, Plaintiff has not complied with the Court's order, which specifically stated that should Plaintiff fail to comply with the order, the Motion to Dismiss may be decided without the benefit of Plaintiff's response.

On May 15, 2013, the undersigned entered an order requiring Plaintiff to show cause on or before June 5, 2013, why his case should not be dismissed for failure to comply with the March 8, 2013 Order. As of the date of this Report and Recommendation, Plaintiff has not filed a response to Defendants' pending motion, has not filed a motion for an extension for time within which to do so, and has not responded to the Show Cause Order. Therefore, the Court will resolve the Motion to Dismiss on the merits without the benefit of Plaintiff's response.

B.    Standard of Review

Defendants have filed a Motion to Dismiss based on Federal Rule of Civil Procedure 12(b)(6), pointing out that the Complaint fails to state a claim upon which relief can be granted. A motion to dismiss pursuant Rule 12(b)(6) challenges the legal sufficiently of the complaint, which may be dismissed for the "failure to state a claim upon which relief can be granted." Fed.

R. Civ. P. 12(b)(6).  When reviewing a motion to dismiss, the Court must accept all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff. *Burtch v. Milberg Factors,* Inc., 62 F.3d 212, 220 (3d Cir. 2011), *cert. denied*, -- U.S. --, 131 S. Ct. 1861 (2012) (citing *In re Ins. Brokerage Antitrust Litig.,* 618 F.3d 300, 314 (3d Cir. 2010)). However, as the Supreme Court of the United States made clear in *Bell Atlantic Corp. v. Twombly,* such "[f]actual allegations must be enough to raise a right to relief above the speculative level."  550 U.S. 554, 555 (2007).

The Supreme Court later refined this approach in *Ashcroft v. Iqbal,* emphasizing the requirement that a complaint must state a plausible claim for relief in order to survive a motion to dismiss.  556 U.S. 662, 678 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  (citing *Twombly*, 550 U.S. at 555).  Nevertheless, "the plausibility standard is not akin to a 'probability requirement,'" but requires a plaintiff to show "more than a sheer possibility that a defendant has acted unlawfully."  *Id.* (citing *Twombly,* 550 U.S. at 555).

To determine the legal sufficiency of a complaint after *Twombly* and *Iqbal,* the United States Court of Appeals for the Third Circuit instructs that a district court must make a three-step approach when presented with a motion to dismiss for failure to state a claim.  *Santiago v. Warminster Twp.,* 629 F.3d 121, 130 n.7 (3d Cir. 2010) (noting that although *Iqbal* describes the process as a "two-pronged approach," it views the case as outlining three steps) (citing *Iqbal*, 556 U.S. at 675).  First, "the court must 'tak[e] note of the elements a plaintiff must plead to state a

claim." *Id.* at 130 (quoting *Iqbal,* 556 U.S. at 675) (alteration in original). Second, the court "should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal,* 556 U.S. at 679). Third, "'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'" *Id.* (quoting *Iqbal,* 556 U.S. at 679).

Accordingly, the Court must separate the factual and legal elements of the claim and "accept the factual allegations contained in the Complaint as true, but [ ] disregard rote recitals of the elements of a cause of action, legal conclusions, and mere conclusory statements." *James v. City of Wilkes-Barre*, 700 F.3d 675, 679 (3d Cir. 2012) (citing *Iqbal*, 556 U.S. at 678-79; *Twombly*, 550 U.S. at 555-57; *Burch,* 662 F.3d at 220-21). The Court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Fowler v. UPMC Shadyside,* 578 F.3d 203, 211 (3d Cir. 2009) (citing *Iqbal*, 556 U.S. at 678). The determination for "plausibility" will be "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* at 211 (quoting *Iqbal,* 556 U.S. at 679).

However, nothing in *Twombly* or *Iqbal* changed the other pleading standards for a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and the requirements of Fed. R. Civ. P. 8 must still be met. *See Phillips v. Co. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (internal citations omitted). The United States Supreme Court did not abolish the Rule 12(b)(6) requirement that "the facts must be taken as true and a complaint may not be dismissed merely because it appears

4

unlikely that the plaintiff can prove those facts or will ultimately prevail on those merits." *Phillips*, 515 F.3d at 231 (citing *Twombly,* 550 U.S. at 553). Rule 8 also still requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 677-78 (citing Fed. R. Civ. P. 8(a)(2)). While this standard "does not require 'detailed factual allegations,' [ ] it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation" and a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal,* 556 U.S. at 679 (quoting *Twombly*, 550 U.S. at 544-45). Simply put, Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal,* 556 U.S. at 678-79.

Where a plaintiff is proceeding *pro se,* courts accord an even more liberal reading of the complaint, employing less stringent standards when considering *pro se* pleadings than when judging the work product of an attorney. *Haines v. Kerner,* 404 U.S. 519 (1972).

C. <u>Discussion</u>

The Complaint takes issue with the conditions in the Butler County Prison, including inmates' freedom of association, the monitoring of inmate mail, the frequency with which inmates are allowed to shave and the manner in which the razors are stored, the lighting in the jail, and the allegedly "feeble" meal portions served. However, the Complaint is essentially devoid of any operative facts and consists of a series of vague generalizations and conclusory allegations about conditions of confinement to which the Butler County "Prison and its staff" subject their inmates.

5

Plaintiff brings some of his claims under the Fifth Amendment, which provides in full as follows:

> No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

None of the provisions of the Fifth Amendment appears to be implicated by Plaintiff's complaint, except perhaps for the due process provision. However, the Fifth Amendment's due process clause only protects against federal governmental action. *See Riley v. Camp*, 130 F.3d 958, 972 n. 19 (11th Cir.1997) ("The Fifth Amendment obviously does not apply here - the acts complained of were committed by state rather than federal officials."); *Watts v. Tretinik*, 2008 WL 4279808 (W.D. Pa. 2008). All the Defendants named herein are state not federal actors and, hence, the Fifth Amendment is inapplicable. Accordingly, Plaintiff's Fifth Amendment claims should be dismissed for failure to state a claim.

The Court will now address Plaintiff's claims seriatim.

1. *Inmates' freedom of association*

As the United States Supreme Court has stated,

> [t]he very object of imprisonment is confinement. Many of the liberties and privileges enjoyed by other citizens must be surrendered by the prisoner. An inmate does not retain rights inconsistent with proper incarceration. And, as our cases have established, freedom of association is among the rights least compatible with incarceration. Some curtailment of that freedom must be expected in the prison context.

6

*Overton v. Bazzetta*, 539 U.S. 126, 131 (2003). In this case, while Plaintiff claims that his "substantive Rights of Freedom of Association and Intimate Association" have been violated, he presents no factual allegations to support his claim. Rather, all that is alleged is that "Prison and staff, being in violation of the First and Fourteenth Amendments do routinely engage in violation of substantive Rights of Freedom of Association and Intimate Association." Complaint, at ¶ 7. As explained by the Court of Appeals for the Third Circuit, "the pleading standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element. This 'does not impose a probability requirement at the pleading stage [ ]' but . . . 'calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Phillips*, 515 F.3d at 230–34 (internal citations omitted).

In this case, Plaintiff has not presented any facts to raise a reasonable expectation that discovery will reveal evidence of the claim. Accordingly, the claims should be dismissed for failure to state a claim.

2. *The Monitoring of Inmate Mail*

Paragraph 8 of the Complaint states, in its entirety, as follows: "Prison and staff routinely violate the Fourth, Fifth and Fourteenth Amendments' protection of unwarranted search and seizure of all incoming and outgoing mail from inmates for no penological nor security based causes." It is unclear whether Plaintiff is asserting only that his mail was monitored or that it was also censured. The censorship of prisoners' mail has generally been addressed by the courts within the context of the First and Fourteenth Amendments. *See Thornburgh v. Abbott*, 490 U.S.

401 (1989); *Procunier v. Martinez*, 416 U.S. 396 (1974). However, because Plaintiff is proceeding *pro se* and, therefore, subject to less stringent pleading requirements, the Court will deem his complaint to have alleged monitoring <u>and</u> censoring of his mail in violation of the Fourth and Fourteenth Amendments, respectively.

The practice of monitoring inmates' correspondence has long been deemed an acceptable means of maintaining prison security. *Stroud v. United States*, 251 U.S. 15, 21 (1919). Thus, even if Plaintiff is able to prove that prison officials read his mail, such an act does not constitute a violation of Plaintiff's Fourth Amendment rights and he has failed to state a claim upon which relief can be granted in this regard.

However, a claim may exist when prison officials censor prisoners' mail, but fail to comply with procedural safeguards derived from the Fourteenth Amendment. *Procunier*, 416 U.S. at 418. In *Procunier*, the Supreme Court held that when mail addressed to a prisoner is withheld, the "liberty interests" created by the Fourteenth Amendment dictate that the prisoner be notified and given an opportunity to protest the censorship. *Id.* A review of the Complaint reveals that Plaintiff has failed to allege any facts which, if proven, would entitle him to relief under *Procunier*. Plaintiff merely makes a conclusory statement that "[p]rison and staff routinely violate the Fourth, Fifth and Fourteenth Amendments' protection of unwarranted search and seizure of all incoming and outgoing mail." This statement alone does not purport to allege facts which would support a claim that Defendants' unlawfully censored Plaintiff's mail. Without some facts to support Plaintiff's allegation, if proven, such that he was missing letters that were sent to him, this claim should be dismissed for failure to state a claim.

3. *Denial of Daily Shaving and Hygiene*

In a summary fashion, Plaintiff alleges that "[i]n violation of Christians' Faith belief that their bodies are the Temple of the Holy Spirit, inmates are not permitted to shave daily . . . ." Complaint, at ¶ 13.

The "mere assertion of a religious belief does not automatically trigger First Amendment protections. To the contrary, only those beliefs which are both sincerely held and religious in nature are entitled to constitutional protections." *DeHart v. Horn*, 227 F.3d 47, 51 (3d Cir. 2000). Accordingly, when a prisoner claims that his or her right to exercise religion has been curtailed, a court must determine as a threshold matter whether the prisoner has alleged a belief that is both sincerely held and religious in nature. *Id.* If so, the court must then apply the four-factor test set forth in *Turner v. Safley,* 482 U.S. 78 (1987), to determine whether the curtailment at issue is "reasonably related to penological interests."

The Complaint is void of any factual allegations which demonstrate that Plaintiff's belief that he must shave daily is either "sincerely held" or "religious in nature." Accordingly, this claim should be dismissed with prejudice.

The Complaint also states that razors are "kept in the open for days, and in close proximity to other inmates' razors" which subjects inmates "to the threat of various kinds of bacterial infection." Complaint at ¶ 13. Plaintiff, however, has not alleged that he has suffered any injury or developed a bacterial infection as a result of this alleged unhygienic practice. A plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that

defendant. *Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). Thus, this claim should also be dismissed for failure to state a claim.

    4. *The Lighting in the Jail*

Requiring inmates to live in constant illumination, under certain circumstances, may rise to the level of an Eighth Amendment violation. *See Bacon v. Minner,* 229 Fed. Appx. 96 (3d Cir.), *cert. denied*, 552 U.S. 930 (2007) (citing *Keenan v. Hall*, 83 F.3d 1083, 1090-91 (9th Cir. 1996) (constant illumination so that inmate cannot discern day from night and which causes "grave sleeping problems" and other mental and psychological problems is unconstitutional). However, continuous exposure to low wattage night time security lighting may be permissible based on legitimate penological interests, such as prison security concerns. *Turner v. Safley,* 482 U.S. 78, 89 (1987).

The instant Complaint states that "Prison and staff by practice do violate the Fifth, Eighth, and Fourteenth Amendments through the usage of perpetual lighting . . . ." Complaint at ¶ 9. Plaintiff pleads no facts as to the location, duration, or intensity of the lighting. And while Plaintiff alleges, *inter alia*, that exposure to light causes "estrogen levels" to rise and that "constant exposure to light has been known to damage vision through such ailments as myopia," Plaintiff has not alleged that he was subjected to constant illumination, or that he has suffered any injury as a result of the alleged "perpetual illumination." *See Rizzo*, 423 U.S. at 371-72.

Accordingly, Plaintiff's claim should be dismissed for failure to state a claim.

5. *The Allegedly "Feeble" Meal Portions Served*.

Certainly insufficient nutrition could be grounds for a constitutional violation, *see, e.g., Robles v. Coughlin*, 725 F.2d 12, 15 (2d Cir. 1983) ("the Eighth Amendment prohibition against cruel and unusual punishment does require that prisoners be served 'nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it.' ") (quoting *Ramos v. Lamm*, 639 F.2d 559, 571 (10th Cir. 1980)). However, Plaintiff does not state a claim here of a sufficiently serious deprivation of nutrition. While Plaintiff states that "Prison and staff under 'Acceptable State Portions' are subjecting the inmates to malnutrition via feeble portions," he does not assert facts to show that the "feeble" meals provided insufficient nutrition, nor does Plaintiff plead facts of any injury or ill consequences that he suffered from these "feeble" meals. On their face, the "feeble" meals may have confounded Plaintiff's expectations, but they do not, in the constitutional sense, represent excessive cruelty or an intolerable affront to fundamental fairness or human dignity. *See, e.g.*, 24 C.J.S. Criminal Law § 2197 (2012).

Plaintiff also makes a bald assertion that "[i]nmates who handle food are not checked for various transferrable diseases, including but not limited to hepatitis, HIV, STDs, and staff (sic) infections." Complaint, at ¶ 12. Plaintiff, though, has not alleged that he has suffered any injury or disease as a result of the "inmates who handle" the food.

Accordingly, Plaintiff's claim should be dismissed for failure to state a claim.

For all the foregoing reasons, it is recommended that the Motion to Dismiss be granted in its entirety and the Complaint against the Defendants dismissed with prejudice as the Court concludes that amendment would be futile or inequitable.

III. **Conclusion**

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties are allowed until **July 11, 2013**, to file objections. Failure to timely file objections will constitute a waiver of any appellate rights. *Brightwell v. Lehman*, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.

*s/ Cynthia Reed Eddy*
Cynthia Reed Eddy
United States Magistrate Judge

Dated: June 24, 2013

cc: CHRISTOPHER O'BRIEN
134 South Rebecca Street
Saxonburg, PA 16056

Marie Milie Jones, Esquire
JonesPassodelis, PLLC
Email: mjones@jonespassodelis.com